**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOSEPH E. FLORKEVICZ, | **Civil Action No. 19-19919 (SRC)** |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the appeal by Plaintiff Joseph E. Florkevicz ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning June 1, 2012. A hearing was held before ALJ Beth Shillin (the "ALJ") on April 30, 2019, and the ALJ issued an unfavorable decision on September 5, 2019. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of September 5, 2019, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform sedentary work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of his past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on four grounds: 1) the ALJ did not follow the prior order of the district court; 2) the ALJ erred at Step 3 in concluding that Plaintiff's impairments did not meet or equal Listing 12.04; 3) at step four, the residual functional capacity ("RFC") determination is not based upon substantial evidence; and 4) the ALJ improperly rejected Plaintiff's complaints of pain.

Plaintiff first argues that the previous district court decision gave instructions to the ALJ which, in the present decision, the ALJ did not follow. The problem for Plaintiff is that Plaintiff's brief demonstrates the opposite point. The brief contends: "The Court held that the ALJ below erroneously concluded that the Plaintiff's mental impairments were not severe at Step 2 in the sequential evaluation process." (Pl.'s Br. 20.) In the next paragraph, the brief states: "the ALJ in her post-remand decision listed depression and bipolar disorder as 'severe' under the *de minimus* [*sic*] regulations at Step 2." (Id.) Plaintiff's brief suggests that, despite this, the ALJ's decision failed to comply with the district court decision, but does not explain how.

Plaintiff next argues that the ALJ erred at Step 3 in concluding that Plaintiff's impairments did not meet or equal Listing 12.04. The brief first quotes Listing 12.04 and then states:

> The medical evidence, summarized above, from the Plaintiff's treating mental health professionals indicate listing level severity under 12.04. Clearly the A criteria is met based upon the opinions of the Plaintiff's nurse practitioner, Mary Askew, in which she noted the following symptoms and signs: . . .

(Pl.'s Br. 23.) This is followed by a summary list of symptoms, with no citations to the record. After this, the brief states:

> Similarly we submit that the B criteria of 12.04 listing is similarly met in that the conclusions of Mary Askew, APN, document marked limitations in several of the areas called for under the listing including but not limited to working in coordination of or proximity to others, making simple work-related decisions, and being able to complete a normal work week without interruptions from psychologically-based symptoms (Tr. 353-358). Accordingly, the medical evidence, without substantial contradiction presents marked limitations with respect to at least 3 out of the 4 specific areas called for under the 12.04 B listing.

(Pl.'s Br. 24.)

This covers Plaintiff's step three argument in its entirety. The argument has several problems. First, it is entirely conclusory. The brief presents no analysis to support its conclusions. The ALJ wrote two pages of explanation for the decision at step three, but Plaintiff does not refer to the ALJ's analysis except to make the conclusory assertion that it is wrong. Plaintiff makes no argument that the ALJ made any error of law. At best, Plaintiff has done no more than assert that the record contains evidence which would support a different conclusion.[1]

---

[1] Moreover, Plaintiff does not offer pinpoint citations to specific pages in the record. This leaves it to the Court to hunt down the evidence to evaluate Plaintiff's conclusory argument. The Court will not speculate as to whether the record contains the evidence on which Plaintiff

3

This leads to the next point. Plaintiff's argument misapplies the substantial evidence standard. This Court reviews the Commissioner's decisions under the substantial evidence standard. This Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); Stunkard v. Sec'y of Health and Human Services, 841 F.2d 57, 59 (3d Cir. 1988); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." McCrea v. Comm'r of Soc. Sec., 370 F.2d 357, 360 (3d Cir. 2004). The reviewing court must consider the totality of the evidence and then determine whether there is substantial evidence to support the Commissioner's decision. See Taybron v. Harris, 667 F.2d 412, 413 (3d Cir. 1981). Plaintiff argues that the record contains contrary evidence, which does not address the legal issue before this Court, pursuant to § 405(g), which is whether the Commissioner's decision is supported by substantial evidence.

Lastly, Plaintiff's step three argument is particularly problematic in light of two issues: 1) the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four

---

relies. On this matter, it heeds the guidance of the Third Circuit, which has stated:

> It has been oft-noted that "Judges are not like pigs, hunting for truffles buried in the record." And this Court has frequently instructed parties that they bear the responsibility to comb the record and point the Court to the facts that support their arguments.

United States v. Claxton, 766 F.3d 280, 307 (3d Cir. 2014) (citations omitted). Plaintiff has failed to follow the Third Circuit's clear instructions.

steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case, "the claimant has the 'burden' of showing that an error was harmful."  Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful.  As to Plaintiff's argument at step three, Plaintiff has neither shown that the ALJ erred, nor shown that the error harmed her.  The presence in the record of contrary evidence does not demonstrate that the ALJ's decision is not supported by substantial evidence.

Plaintiff next argues that, at step four, the RFC determination is not based upon substantial evidence.  Plaintiff begins the argument by pointing to a checklist form filled out by Plaintiff's mental health therapist, Dr. Askew.  Plaintiff next argues that the therapist's notes support her conclusions, with a general citation to 65 pages in the record.  Plaintiff then cites the notes from another mental health therapist with a general citation to 660 pages in the record. The brief then states:

> We respectfully submit that the ALJ's conclusion that the only mental impairments demonstrated was that the Plaintiff would be relegated to simple unskilled jobs with occasional contact with the public, co-workers, and supervisors was a woefully inadequate and oversimplification of the mental impairments demonstrated by the uncontroverted medical evidence.

5

(Pl.'s Br. 25.) This argument fails for the same reasons that the argument at step three failed. Plaintiff ignores the ALJ's explanation for the RFC determination, and does no more than point generally to potentially contrary evidence. Plaintiff has not offered an analysis which might demonstrate that the ALJ's determination is not supported by substantial evidence. And, again, Plaintiff asks this Court to search through hundreds of pages of evidence to find the contrary evidence that Plaintiff contends is there.

Plaintiff next argues that the ALJ erred in finding that Dr. Askew, an Advanced Practice Nurse ("APN"), was not an acceptable medical source, contrary to 20 C.F.R. § 404.1502. The Commissioner points out, however, that Plaintiff has overlooked a key part of the regulation, which states that an APN is an acceptable medical source "(only with respect to claims filed (see § 404.614) on or after March 27, 2017)." 20 C.F.R. § 404.1502(a)(7). Plaintiff filed his claim on November 27, 2012. (Tr. 13.)

Last, Plaintiff contends that the ALJ improperly rejected Plaintiff's complaints of pain:

> We submit that a review of the ALJ's decision indicates that although she extensively discussed various pieces of medical evidence, she did not engage in the requisite evaluation of the intensity, persistence, and limiting effect of Plaintiff's symptoms which were more than adequately and amply substantiated by objective medical evidence.

(Pl.'s Br. 28.) Plaintiff's argument has the same problems already discussed. Plaintiff does not address what the ALJ wrote: at step four, the ALJ wrote over eight single-spaced pages which reviewed the evidence of record in detail, with considerable attention to Plaintiff's pain. Plaintiff makes the conclusory argument just quoted that the ALJ did not engage in the requisite evaluation, but does not once discuss a specific detail of what the ALJ wrote. Plaintiff has presented no more than the conclusion to an analysis which is absent from the brief.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision, or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

                                                s/ Stanley R. Chesler
                                            STANLEY R. CHESLER, U.S.D.J.

Dated: July 8, 2020